IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 25-cv-2076-WJM-TPO

DRACARYS FLEET, LLC,

     Plaintiff,

v.

TRACI VALENTINE,
ANDAGAIN, LLC, and
FARRA SHAW,

     Defendants.

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendants Traci Valentine, Andagain, LLC, and Farra Shaw's (collectively, "Defendants") motion to dismiss ("Motion") Plaintiff Dracarys Fleet LLC's ("Dracarys") complaint. (ECF No. 12.) The Motion is fully briefed. (ECF Nos. 18–20.) For the following reasons, the Motion is granted.

### I.    BACKGROUND

This is a fraud case in which Dracarys alleges that Defendants conspired "to steal tens of thousands of dollars in Company funds . . . ." (ECF No. 1 at 1.) But the five-page Motion does not address the merits of Dracarys's claims—instead, it challenges only whether the Court has subject-matter jurisdiction over this action. (*See generally* ECF No. 12.) More specifically, the Motion contends that the complaint fails "to plead or state sufficient facts to establish" that the defendants are completely diverse from the plaintiff. (*Id.* at 4.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1332(a), on which Dracarys exclusively relies (ECF No. 1 at 2), the Court has jurisdiction "only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  "The citizenship of a limited liability company ('LLC')"— like Dracarys—"must be determined by evaluating the citizenship of each member of the LLC, down to each person and/or corporation."  *McClure v. Jai Shri Ganesh, L.L.C.*, 2022 WL 3645989, at *2 (E.D. Okla. Aug. 24 2022); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

"For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."  *Middleton*, 749 F.3d at 1200.  "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."  *Id.*; *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

## III.     ANALYSIS

The complaint alleges that each defendant is a citizen of Kansas.  (ECF No. 1 at 2.) It further alleges that Dracarys "is a limited liability company formed under the laws of the state of Colorado, and which maintains a principal office at 875 W. 64th Ave., Denver, Colorado 80221."  (*Id.*)  The complaint continues: "Dracarys is a single-member limited

2

liability company. [Grant] Gassaway is the sole owner of the membership interests in the Company." (*Id.*) But as to Gassaway, upon whom Dracarys's citizenship depends, the complaint merely alleges that he is "a Denver-area businessman and Dracarys's owner." (*Id.*)

This lack of clear information as to Gassaway's state citizenship causes the Court to question its subject-matter jurisdiction. Indeed, the complaint's ambiguous averment that Gassaway "is a Denver-area businessman" does not establish that he resides[1] in Colorado and intends to remain here. *Middleton*, 749 F.3d at 1200; *see also Fairley v. Ford*, 2017 WL 3507015, at *2 (S.D. Tex. Aug. 16, 2017) ("Residence is necessary but not sufficient to show domicile, which requires both residence in a state and the intent to remain in that state."). After all, this statement could simply mean that he lives in some other state and travels (frequently or infrequently) to do business in Denver. Without more information, the Court cannot satisfy itself that (1) Gassaway resides in Colorado, (2) he intends to remain here indefinitely, and (3) in turn, the parties are fully diverse under section 1332(a). *See Montoya v. Chao*, 296 F.2d 952, 955 (10th Cir. 2002) (explaining that federal courts are courts of "limited jurisdiction and, as such, must have statutory basis to exercise jurisdiction").

To be sure, the place of an individual's "employment or business" is relevant to the domicile analysis. *See Middleton*, 749 F.3d at 1200 (listing as relevant "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; *place of employment or business*; driver's license

---

[1] The residency requirement aside, this allegation does not show that Gassaway is "physically present" in Denver either. *Holyfield*, 490 U.S. at 48. It could, for example, merely suggest that he does business in Denver remotely.

3

and automobile registration; payment of taxes; as well as several other aspects of human life and activity") (emphasis added). But an individual's business activities are not alone sufficient to establish domicile. Were that the case, a party could be domiciled in any number of states, so long as they do business in those locations. Yet caselaw teaches that an individual can have only one domicile. *See, e.g., Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F.Supp.3d 1231, 1247 (D. Colo. 2021) ("[B]ecause one cannot be physically present and intend to remain in two states at once, it is not possible for one to be domiciled in two states simultaneously.").

For these reasons, the Court concludes that Dracarys has not met its burden of showing that the Court has subject-matter jurisdiction over this action. *See McClure*, 2022 WL 3645989, at *3 ("The party invoking diversity jurisdiction, bears the burden of proving its existence by a preponderance of the evidence."); *see also 44 Tennyson Townhomes v. Insignia Homes, Ltd.*, 2024 WL 4877320, at *2 (D. Colo. Apr. 16, 2024) (recommending dismissal where court was "unable to determine the whether complete diversity exists in this case for the purposes of the Court's diversity jurisdiction"); *cf. Duran v. Allstate Indem. Co.*, 2019 WL 3774124, at *2 (D. Colo. Aug. 9, 2019) (ordering the moving party to show cause why remand was not appropriate where "the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiff or whether the Court has jurisdiction").

## IV. CONCLUSION

Consequently, the Court ORDERS as follows:

1. The Motion is GRANTED. (ECF No. 12.)

2. The complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 1.)

4

3. Dracarys is granted leave to file an amended complaint by no later than **December 26, 2025** which remedies the deficiencies identified herein. The Court cautions Dracarys, however, that simply stating in conclusory fashion that Gassaway is a "citizen" or "domiciliary" of Colorado will not do. (*See* ECF No. 19 at 4 (suggesting that simply stating the words "citizen" or "domicile" could be sufficient).) Rather, Dracarys must supply the Court with sufficient factual information for it to reach that conclusion itself. *See Middleton*, 749 F.3d at 1200 ("[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely.").[2]

Dated this 5th day of December, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

---

[2] The Court further cautions Dracarys that simply stating, in conclusory fashion, that Gassaway resides in Colorado would not be sufficient, on its own, to establish domicile either. *See Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, at *4 (10th Cir. 2022) ("Although a person's 'place of residence is *prima facie* the domicile,' *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state . . . .").